**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000473
25-JUN-2026
07:45 AM
Dkt. 59 SO**

NO. CAAP-24-0000473

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WELLS FARGO BANK, N.A.,
Plaintiff/Counterclaim Defendant-Appellee,
vs.
EBONI A. PRENTICE,
Defendant/Cross-Claim Defendant-Appellant,
and
THE MAUI LANI COMMUNITY ASSOCIATION,
Defendant/Counterclaimant/Cross-Claimant-Appellee,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 2-10; DOE ENTITIES 1-10; AND DOE
GOVERNMENTAL UNITS 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC161000169)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and McCullen, JJ.)

This appeal arises out of a foreclosure of an association's lien for unpaid assessments. We affirm in part and vacate in part.

Defendant/Cross-Claim Defendant-Appellant Eboni A. Prentice (**Prentice**) appeals from the Circuit Court of the Second Circuit's (**Circuit Court**)[1] June 10, 2024 Judgment (**Judgment**) and the June 10, 2024 "Findings of Fact [(**FOFs**)]; Conclusions of Law [(**COLs**)]; Order Granting Defendant/Counterclaimant/Cross-Claimant the Maui Lani Community Association aka Maui Lani Community Association's [(**Association**)] Motion for Summary Judgment, Default Judgment, Deficiency Judgment and Decree of Foreclosure Filed August 3, 2022" (**MSJ Order**).

Prentice raises three points of error (**POEs**),[2] contending that the Circuit Court erroneously granted the Association's MSJ where: **(1)** the Association "failed" to show that its cross-claim against Prentice was not dismissed by a prior 2017 judgment; **(2)** the Association "failed to prove the amounts owed" by "showing how the attorneys' fees were incurred" and that such fees "were reasonable," and "failed to properly account for the maintenance fees owed[,]" and thus, FOFs 4, 9, and 11 and COLs 3 and 6 were erroneous; and **(3)** COL 6 was erroneous under HawaiiUSA Fed. Credit Union v. Monalim, 147 Hawaiʻi 33, 464 P.3d 821 (2020).[3]

---

[1]   The Honorable Kirstin M. Hamman presided.

[2]   We have reordered, numbered, and consolidated Prentice's POEs for clarity. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) (requiring "numbered" POEs).

[3]   The challenged FOFs state:

> 4. [Prentice] has failed and refused to pay assessments, late fees, costs, and attorneys' fees due to the Association and which have been assessed to the Property. As of July 19, 2022, the following amounts are due and owing to the Association:

| | |
|---|---|
| Maintenance Fees | $3,264.00 |
| Late Fees | $25.00 |
| Return Fee | $35.00 |
| Attorneys' Fees and Costs | $13,542.02 |
| **Total Amount Due** | **$16,866.02** |

. . . .

9. Pursuant to the foregoing provisions of the [Declaration of Covenants, Conditions and Restrictions recorded on January 22, 1997 (**DCC&Rs**)], [Prentice] is liable for assessments, late fees, costs, reasonable attorneys' fees, and other charges owed.

. . . .

11. The Association is therefore entitled to a judgment for all unpaid assessments, late fees, costs, attorneys' fees and other charges owed to the Association pursuant to [Hawaii Revised Statutes (**HRS**)] Chapter 421J and the DCC&R.

The challenged COLs state:

3. The unpaid assessments, late fees, attorneys' fees and costs, and such further amounts and charges as the Court shall subsequently determine to be reasonable and lawfully chargeable under the provisions of the DCC&R, constitute a valid lien on said Property (until the date of the Commissioner's transfer of title thereto) which may be foreclosed by the Association pursuant to the procedures set forth in HRS Chapter 667, and pursuant to HRS § 421J-10.5, and the DCC&R.

. . . .

6. The Association is entitled to summary judgment as a matter of law on its Counterclaim and Cross-Claim, to have its lien foreclosed upon said Property, and to have said Property sold in a manner prescribed by law unless the Commissioner shall otherwise transfer the title to the Property pursuant to the order of this Court. If the sale of said Property shall result in insufficient proceeds to satisfy the Association's liens, then the Association shall also be entitled to a deficiency judgment against [Prentice] in an amount to be determined through the submission of supplemental declarations and/or affidavits to this Court.

3

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Prentice's contentions as follows.

This appeal stems from Wells Fargo Bank, N.A.'s (**Wells Fargo**) April 4, 2016 complaint against Prentice and the Association to foreclose on its mortgage. On October 21, 2016, the Association recorded a Notice of Lien against the subject property because Prentice became delinquent on assessments, late charges and attorneys' fees and costs due and owing to the Association pursuant to the DCC&Rs and HRS § 421J. On November 21, 2016, the Association filed its answer to Wells Fargo's complaint along with a cross-claim (**Cross-Claim**) against Prentice and a counterclaim (**Counterclaim**). The Association's Cross-Claim asserted that the Association was entitled to a judgment against Prentice for unpaid assessments, and that it was entitled to foreclose on its lien. Prentice's default on the Cross-Claim was entered on January 18, 2017. She did not move to set it aside.

Relevant to this appeal, in 2017, the Circuit Court granted Wells Fargo summary judgment and a decree of foreclosure, and entered a judgment (**2017 Foreclosure Judgment**), which stated, "[a]ll remaining claims if any are dismissed with prejudice." Proceedings were then stayed until 2019 due to Prentice's Chapter 13 bankruptcy, and in 2021, the Circuit Court entered an order confirming the foreclosure sale and a corresponding judgment (**2021 Confirmation Judgment**). In 2022, however, both Wells Fargo's 2017 Foreclosure Judgment and 2021 Confirmation Judgment were set aside when the Circuit Court

4

granted Prentice's motion for relief under Rule 60(b) of the Hawaiʻi Rules of Civil Procedure (**HRCP**).[4]

On August 3, 2022, the Association filed a "Motion for Summary Judgment, Default Judgment, Deficiency Judgment and Decree of Foreclosure" (**MSJ**) to foreclose its lien. The MSJ sought, inter alia, default judgment under HRCP Rule 55(b)(2) against Prentice for failure to answer, and summary judgment under HRCP Rule 56 in favor of the Association "against all defendants" on its Counterclaim and Cross-Claim. Wells Fargo submitted an August 24, 2022 "Statement of Position," requesting that "any foreclosure and subsequent sale" by the Association of the property "be conducted and completed subject to [Wells Fargo]'s senior mortgage lien."[5] Prentice's August 24, 2022 opposition argued, inter alia, that the Association "should not be granted summary judgment or default judgment because it has not provided adequate proof of the amounts owed by Ms. Prentice, which [the Association] asserts includes $13,542.02 in attorney's fees and costs and only $3,264.00 in maintenance fees[.]" (Bolding omitted.) The Circuit Court granted the Association's MSJ in the June 10, 2024 MSJ Order, which also granted default judgment against Prentice on the Cross-Claim. The Circuit Court entered the June 10, 2024 Judgment, from which Prentice appeals.

We review a circuit court's decision on a summary judgment motion de novo. <u>Pendleton v. Ass'n of Apartment Owners</u>

---

[4]    We note that Wells Fargo again moved for and obtained summary judgment against Prentice in 2023, but that judgment was vacated in 2025 by this court in <u>Wells Fargo Bank, N.A. v. Prentice</u>, No. CAAP-23-0000485, 2025 WL 3311555 (Haw. App. Nov. 28, 2025) (SDO), and remanded for further proceedings.

[5]    The MSJ Order contains such language noting Wells Fargo's senior mortgage lien.

of Kahala Towers, 153 Hawaiʻi 126, 134, 527 P.3d 462, 470 (App. 2023). A ruling on a motion for default judgment is reviewed for abuse of discretion. Gonsalves v. Nissan Motor Corp. in Haw., Ltd., 100 Hawaiʻi 149, 158, 58 P.3d 1196, 1205 (2002). While a defendant "cannot contest liability after entry of default, the defendant may still contest the amount of its liability at proof hearings." Chen v. Mah, 146 Hawaiʻi 157, 167 n.11, 457 P.3d 796, 806 n.11 (2020) (citations omitted); see Dela Cruz v. Quemado, 141 Hawaiʻi 338, 347, 409 P.3d 742, 751 (2018) ("Trial courts must permit parties in default to contest damages at proof hearings." (citation omitted)).

(1) Prentice contends that the Circuit Court erroneously granted the MSJ because the Association's Cross-Claim was dismissed by Wells Fargo's 2017 Foreclosure Judgment, and the Association failed to appeal. Prentice acknowledges that she filed the motion for HRCP Rule 60(b) relief, but claims the motion only applied to Prentice "and not as to the dismissal of the remaining claims."

Prentice's argument lacks merit. The order granting HRCP Rule 60(b) relief set aside the 2017 Foreclosure Judgment that had dismissed "[a]ll remaining claims," which meant the dismissal of the Association's Cross-Claim was also set aside.

(2) Prentice argues the Association "failed to prove the amounts owed," because the Association did not provide "billings showing how the attorneys' fees were incurred" and that they "were reasonable to collect $3,264.00 in maintenance fees," and because the Association "failed to properly account for the maintenance fees owed."

Regarding the maintenance fees, Prentice argues the Association's ledgers attached to the MSJ were "strange" and

"confus[ing]," and thus failed to adequately prove the amount Prentice owed. The Association responds that Prentice's challenge to the $3,264.00 in maintenance fees owed was not raised in Prentice's MSJ opposition below, which "entirely focused on the amount of attorneys' fees and costs claimed by the Association[,]" thus waiving the argument on appeal. The Association's contention is correct. The record reflects that Prentice failed to raise this argument to the $3,264.00 amount of maintenance fees in its opposition below, and it is waived. See Right to Know Comm. v. City Council, City and Cnty. of Honolulu, 117 Hawaiʻi 1, 14, 175 P.3d 111, 124 (App. 2007) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal." (citations omitted)).

Regarding the attorneys' fees, Prentice contends the Association failed to prove "how the attorneys' fees were incurred" and that the $13,542.02 in attorneys' fees "were reasonable." On this record, Prentice's arguments are persuasive. Prentice points to HRS § 421J-10(a)(2) (2004), which provides that an association is entitled to recover "[a]ll costs and expenses, including reasonable attorneys' fees" it incurs to "[f]oreclos[e] any lien on any unit[.]" (Emphasis added.) We note that the statute further provides: "The reasonableness of any attorney's fees paid . . . by an association" in a foreclosure action "shall be determined by the court." HRS § 421J-10(a). Prentice argues that the Association provided "no statement of hours spent, work done, or the hourly rate[,]" and the only supporting evidence of the attorneys' fees are ledgers which do not show any details regarding how the fees were incurred.

7

The Association responds that a "determination of the reasonableness of [its] attorneys' fees" would have been "premature" at the time the MSJ was filed, because the Association was seeking a foreclosure decree and had asked the Circuit Court to reserve jurisdiction to award attorneys' fees later.

We first address the Association's characterization of Prentice's attorneys' fees challenge as "premature." The challenge was not premature with regard to the $13,542.02 amount in the MSJ. Here, while the Association's MSJ requested the Circuit Court to make a subsequent determination of attorneys' fees and costs and to retain jurisdiction for doing so, the MSJ did request the Circuit Court to determine a "due and owing" amount as of July 19, 2022, and the Circuit Court did so, in FOF 4. The MSJ Order also authorized the Association to credit bid at the foreclosure sale for the July 19, 2022 "due and owing" amount.[6] Thus, Prentice's challenge to the July 19, 2022 "due and owing" amount of $13,542.02 in attorneys' fees and costs was not premature.

Regarding Prentice's challenge to the reasonableness of the $13,542.02 in attorneys' fees, the record reflects that the Association presented no argument or evidence in its MSJ establishing the reasonableness of the $13,542.02 in "attorney's fees and costs" it claimed were "due and owing to the Association" as of July 19, 2022. The MSJ Order reflects the Circuit Court granted what the Association requested, determining in FOF 4 the amount "due and owing" to the

---

[6] The Association also requested the Circuit Court permit a "credit bid" "in the amount of the indebtedness owed to the Association," and that "[s]aid indebtedness shall include the amounts due as set forth herein."

Association by Prentice as of July 19, 2022, including the $13,542.02 in attorneys' fees and costs. The MSJ Order, however, contains no determination that the awarded attorneys' fees were reasonable.

We conclude that because the MSJ Order determined that $13,542.02 in attorneys' fees and costs were due and owing, with no finding of reasonableness of such attorneys' fees, the Circuit Court abused its discretion in granting default judgment as to the $13,542.02 amount in the MSJ Order. See Chen, 146 Hawaiʻi at 167 n.11, 457 P.3d at 806 n.11. We thus vacate FOFs 4, 9, and 11, and COLs 3 and 6 to the extent these FOFs and COLs contain and/or rely on a determination that the $13,542.02 in attorneys' fees and costs as of July 19, 2022 were reasonable and awardable.

**(3)** Prentice argues that under Monalim, 147 Hawaiʻi 33, 464 P.3d 821, the Circuit Court "must conduct a deficiency judgment hearing to determine the amount, if any, of a deficiency judgment," and thus, COL 6 is wrong insofar as it concluded that the Association is entitled to a deficiency judgment "in an amount to be determined through the submission of supplemental declarations and/or affidavits."

The Association responds that Prentice's Monalim objection is "premature" and does not address Prentice's argument that the proof method set forth in COL 6 -- for the deficiency judgment amount "to be determined through the submission[s]" of declarations or affidavits -- runs afoul of Monalim's "deficiency judgment hearing" requirement.

Monalim established that deficiency judgment debtors have the right to request a determination of the fair market value of foreclosed property, and did not explicitly require a

separate deficiency judgment hearing. <u>See</u> 147 Hawaiʻi at 53, 464 P.3d at 841. We conclude that the Circuit Court's inclusion of the language prospectively prescribing the method of proof for a deficiency judgment in COL 6 is premature and not supported by the current record.

For the foregoing reasons, the June 10, 2024 Judgment is vacated. The June 10, 2024 MSJ Order is affirmed in part, as to the determination that Prentice owes $3,264.00 in Maintenance Fees to the Association, but is otherwise vacated. We remand for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, June 25, 2026.

On the briefs:

Keith M. Kiuchi,
for Defendant/Cross-Claim
Defendant-Appellant
Eboni A. Prentice.

Paul A. Ireland Koftinow,
for Defendant/
Counterclaimant/Cross-
Claimant-Appellee The Maui
Lani Community Association.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge